IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DR. AKEDA PEARSON   *

v.   *   Civil Action No. CCB-17-2358

BOARD OF EDUCATION OF ANNE   *
ARUNDEL COUNTY, *et al.*
  *
***

**Memorandum**

  The plaintiff, Dr. Akeda Pearson, has sued four defendants—the Board of Education of Anne Arundel County (the Board),[1] Dr. George Arlotto, Mamie Perkins, and Arlen Liverman—claiming that they violated Title VI and Title VII by racially discriminating and retaliating against her. The three individual defendants have moved to dismiss Pearson's complaint claiming Title VI and Title VII do not impose liability on individuals and because, even if they did, the complaint fails to state a plausible claim for employment discrimination and retaliation. Pearson, for her part, has filed a motion to amend her complaint, (ECF No. 13), and two motions for court appointed counsel, (ECF Nos. 12, 27). For the reasons stated below, the court will grant the defendants' motions to dismiss as to claims asserted against Arlotto, Liverman, and Perkins in their individual capacity, and the plaintiff's motion to amend her complaint.[2] The plaintiff's motions for court appointed counsel, however, will be denied.

**Background**

  This suit arises out of the dissolution of the Office of Equity and Human Relations ("OEHR"), an office within the Anne Arundel County school system. Dr. Akeda Pearson, an

---

[1] In her original complaint, Pearson identifies the Board as "Anne Arundel County Public Schools." After the defendants noted her error, Pearson has proposed an amended complaint that, among other things, more properly designates her employer.

[2] The Board has not moved to dismiss the complaint, but instead filed an answer.

1

African-American, was hired by OEHR as a School Community Engagement Liaison in January 2011. (Am. Compl. ¶ 10). The OEHR was responsible for "identifying and correcting the racial, discipline, and academic disparities in education and the unfair treatment of African American students in Anne Arundel County Maryland School System." (*Id.* at ¶ 12). Pearson received consistently positive performance evaluations, according to the complaint. (*Id.* at ¶ 16).

Nevertheless, in May 2014, Pearson was informed, at a meeting attended by the defendants Mamie Perkins, who also is African American, Arlen Liverman, and George Arlotto, that OEHR would be dissolved. (*Id.* at ¶ 18). The Board intended to go "in a different direction" and could "achieve diversity," by closing the office, (*id.* at ¶ 19), although according to the complaint 90% of the Board's offices are staffed by all white employees and OEHR was predominantly African-American. (*Id.* at ¶ 25). Pearson was told that any further questions concerning her employment should be directed to the Executive Director of Human Resources, Florence Bozzella. (*Id.* at ¶¶ 18-19). Pearson would lose her job in July; she had questions.

On meeting with Ms. Bozzella the same day she learned she would be fired, Pearson also learned that her staff's future employment was uncertain and was asked "not to tell them anything for right now." (*Id.* at ¶ 20). The next day, Pearson was told that she had three days, shortened to 24 hours by Pearson's prior plan to attend an out-of-state graduation, to vacate her office. (*Id.* at ¶ 21). While Pearson awaited official termination in July, she was moved to a different office and stripped of her principal job responsibilities. (*Id.* at 22). She claims that no other supervisor was treated similarly. (*See, e.g.*, *id.* at ¶ 23).

Pearson eventually discovered that an Office of Equity and Accelerated Student Achievement, ("OEASA"), would replace OEHR and that she could apply for the "Specialist for

School and Community Partnerships" position, or some other position in the newly created office. (*Id.* at ¶ 24). Pearson seized the opportunity. She interviewed for the position in July 2014, but, because of the defendants' alleged "clear discriminatory animus," she was not selected. (*Id.* at ¶¶ 26-27). The position was eventually filled by an allegedly less qualified white man. (*Id.* at ¶ 28).

Pearson claims that being passed over for the newly created position also was the last of a series of retaliatory acts perpetrated by Perkins against Pearson for Pearson's work to remedy racial inequalities within the Board. Pearson counts among Perkins' retaliatory acts Perkin's effort to discredit her work on racial disparities, the elimination of her position at OEHR, and her being passed over for the newly created position to which Pearson applied. (*Id.* at ¶¶ 29-36). Pearson also notes that during the May 2014 meeting Perkins ridiculed her doctorate degree, asking if her degree meant Pearson was smarter than her. (*Id.* at ¶ 33).

On August 17, 2017, Pearson filed suit against the four defendants claiming that the reason she was fired and passed over for the OEASA position was racial discrimination and retaliation in violation of Titles VI and VII.[3] (ECF No. 1). The individual defendants have filed motions to dismiss, (ECF Nos. 6, 8, 9).

**Standard of Review**

To survive a motion to dismiss for failure to state a claim, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the

---

[3] Pearson filed a complaint with the EEOC that alleged discriminatory conduct on September 11, 2014.

complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). And the plaintiff typically must do so by relying solely on facts asserted within the four corners of his complaint. *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015).

**Analysis**

The defendants argue that this court should dismiss Pearson's complaint because she cannot bring suit against individuals under either Title VI or Title VII. Because the defendants properly state the law, the court will grant the motions to dismiss Pearson's claims against Arlotto, Liverman, and Perkins in their individual capacity.

For her part, Pearson has filed a motion to amend her complaint and motions for court appointed counsel. Her motion to amend will be granted, but her motions for court appointed counsel will be denied as Pearson has not shown that she lacks the capacity to press her claims or that her claims clearly have merit.

I. Individual Liability

The defendants argue that this court need not reach the merits of Pearson's claims because Title VI and Title VII do not contemplate suits against persons in their individual capacity. The law is well-settled in the defendants' favor. *See Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998) (holding that individuals are not liable under Title VII); *McCrea v. Johns Hopkins Universities*, 2016 WL 6166999, at *6 (D. Md. 2016)[4] (holding

---

[4] Unpublished opinions are cited for the strength of their reasoning, not for any precedential value.

that individuals are not liable under Title VI); *see also Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 n.12 (11th Cir. 2003) (holding the same for Title VI). Therefore, the complaint will be dismissed to the extent it asserts claims against the defendants in their individual capacity.

Pearson also sues Perkins in her official capacity, however. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In this case, that means suing Perkins in her official capacity is only another way of stating a claim against the Board of Education of Anne Arundel County. But the Board has not moved for dismissal, choosing instead to file an answer to Pearson's complaint. Thus, although Pearson's claims against Arlotto, Liverman, and Perkins in their individual capacity will be dismissed, Pearson's claims against Perkins in her official capacity and against the Board survive. A separate scheduling order will follow as to those claims.

II. Remaining Motions

Pearson also has moved to amend her complaint and for court appointed counsel. Perkins motion to amend will be granted, but the court will designate her employer as the "Board of Education of Anne Arundel County," not, as the proposed amended complaint currently reads, the "Board of Education of Anne Arundel County Public Schools." Perkins' motions for a court appointed attorney, however, will be denied.

A plaintiff proceeding *in forma pauperis*, as Pearson is, may appeal to the court's discretion for court appointed counsel. 28 U.S.C. § 1915(e)(1). A district court abuses its discretion in denying a motion for court appointed counsel when an indigent plaintiff's case "presents exceptional circumstances," such as where "a pro se litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

5

Pearson's case does not present exceptional circumstances. It is not clear, from reviewing her proposed amended complaint, that Pearson's claims have merit. But if they do have merit, the court is confident she has the capacity to present them.

**Conclusion**

To conclude, Pearson's claims against Arlotto, Liverman, and Perkins in their individual capacity are dismissed. Her claims against Perkins in her official capacity, and against the Board of Education of Anne Arundel County, however, survive. The Board has filed an answer to Pearson's complaint. A scheduling order will follow.

Pearson's motion to amend her complaint will be granted. But her motions for court appointed counsel will be denied because she has not shown exceptional circumstances. A separate order follows.

_____March 19, 2018_____  
Date

_____/s/_____  
Catherine C. Blake  
United States District Judge